# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

CHARLES RANDALL DAVIS
ADC # 84756                                                                                          PLAINTIFF

V.                                       5:10-cv-00020-BSM-JJV

LARRY NORRIS, Former Director, Arkansas Department
of Correction; MIRIAM LESTER, Coordinator of
Centralized Records, Arkansas Department of Correction;
BENNY MAGNESS, Chairman, Arkansas Board of Correction;
LEROY BROWNLEE, Arkansas Board of Correction; MARY
PARKER, Arkansas Board of Correction; ALONZO JILES,
Arkansas Board of Correction; KELLY PACE, Arkansas
Board of Correction; DREW BAKER, Arkansas Board of Correction;
JOHN DOE, Director, Arkansas Department of Correction; and
KEN JONES, Arkansas Board of Correction                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff, a prisoner of the Arkansas Department of Correction incarcerated at the Randall Williams Correctional Facility, filed this action *pro se*, pursuant to 42 U.S.C. § 1983, seeking a "discretionary" hearing before the parole board.

**I.   SCREENING**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a *pro se* complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But regardless whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's recent opinion in *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937 (2009), to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 1950 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id*. at 545-46.

II. **PLAINTIFF'S COMPLAINT**

Plaintiff alleges that the Defendants have conspired to deny him a correct inmate classification which effectively denies him the right to be considered for parole. By way of relief

he seeks compensatory damages for each day he has been denied a parole hearing and an opportunity to appear before the parole board. Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

Title 42 U.S.C. § 1983.

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The statute was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989). "One cannot go into court and claim a 'violation of § 1983'-for § 1983 by itself does not protect anyone against anything." *Chapman v. Houston Welfare Rights Org.,* 441 U.S. 600, 617 (1979). Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred").

Based on the facts alleged in the instant complaint, Plaintiff fails to state a viable

claim under 42 U.S.C. § 1983 against any of the named Defendants. Rather, Plaintiff's complaint makes allegations regarding the validity of his incarceration. While he requests relief in the form of money damages, as a practical matter he is really seeking release from prison. Thus, Plaintiff's claims must be brought forth in a properly filed petition for writ of habeas corpus. 28 U.S.C. § 2241.

In *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), the United States Supreme Court delineated what constitutes a habeas corpus action as opposed to a 42 U.S.C. § 1983 claim. The plaintiff's label of his action cannot be controlling. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996)(citing *Preiser*, 411 U.S. at 489-90). If a plaintiff is challenging the validity of his conviction or the duration of his incarceration and seeking a determination that he is entitled to immediate or speedier release, a writ of habeas corpus is the only federal remedy available. *Preiser*, 411 U.S. at 500; *Otey v. Hopkins*, 5 F.3d 1125, 1131 (8th Cir. 1993). It is the substance of the relief sought which counts. *Kruger,* 77 F.3d at 1073. In this action, the plain language of the complaint demonstrates the plaintiff is challenging the validity of his confinement.

Although the line between a civil rights action and a habeas action is sometimes murky, the Court finds in this case that the result is clear. "When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus." *Preiser,* 411 U.S. at 500.

The Court recognizes that in addition to seeking early release from prison, Plaintiff

also specifically seeks money damages. A § 1983 complaint seeking money damages for unlawful incarceration is actionable in some instances. However, for Plaintiff to recover money damages on this type of claim, § 1983 requires that he <u>first</u> prevail in his challenge regarding his classification status and continued incarceration. Therefore, Plaintiff's § 1983 complaint is premature and is not actionable until he succeeds in having state authorities declare the prison's actions invalid or having a federal court issue a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). This remedy, of course, also requires exhaustion of all adequate and available state court remedies. *Preiser*, 411 U.S. at 490. The state courts must have an opportunity to review the merits of petitioner's contentions and must be given primary responsibility in their own criminal cases. *Fay v. Noia*, 372 U.S. 391 (1963); *Tyler v. Swenson*, 527 F.2d 877 (8th Cir. 1976).[1]

Plaintiff's Fourteenth Amendment claim also fails. Plaintiff has no liberty interest in parole or release before expiration of a validly imposed sentence. *Nolan v. Thompson*, 521 F.3d 983, 989 (8th Cir. 2008)(citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)).[2]

---

[1] The case upon which Plaintiff relies, *Robertson v. Norris*, 360 Ark. 591, 203 S.W.3d 82 (Ark. 2005), illustrates this process in its procedural history, beginning with a petition for writ of mandamus against the Arkansas Department of Correction defendants in circuit court.

[2] Although a state may create a liberty interest in parole, Arkansas statutes do not create such an interest. *See* ARK.CODE ANN. § 16-93-701(a)(1)(2006)("The Parole Board may release on parole any individual eligible ... when in its opinion there is a reasonable probability that the prisoner can be released without detriment to the community or himself or herself."); *Hamilton v. Brownlee*, 237 Fed. Appx. 114 (8th Cir. 2007)(unpub. *per curiam*).

**III. MOTION FOR INJUNCTIVE RELIEF**

Plaintiff also seeks an injunction to prohibit prison personnel from tampering with his legal mail. Issues related to legal mail and access to the courts are conditions of confinement and are generally cognizable under 42 U.S.C. § 1983. However, Plaintiff admits in his pleading that he has not exhausted his administrative remedies regarding this matter. Moreover, the parties whom Plaintiff alleges to be responsible for the issues with his mail are not named Defendants in the instant cause of action.

The purpose of a preliminary injunction is to preserve the *status quo* and to prevent irreparable harm until a court has the opportunity to rule on the merits of a lawsuit. For this reason, a preliminary injunction is appropriate to grant intermediate relief "of the same character of that which may be granted finally," but inappropriate for dealing with matters "lying wholly outside issues in the suit." *De Beers Consolidated Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945). In order to obtain a preliminary injunction, a party "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). In other words, a request for injunctive relief should be denied when a request is based on new assertions that are unrelated to the underlying complaint and the requested relief. *Id.* While Plaintiff's allegations in his motion for a preliminary injunction might support a separate § 1983 action, they do not provide the basis for this Court to grant his request for injunctive relief. *Id.* If Plaintiff wishes to pursue this separate § 1983 access to courts claim, he must first fully exhaust his administrative remedies within the prison system.

## IV.  MISCELLANEOUS CLAIMS

Plaintiff's complaint also includes demands pertaining to his conditions of confinement as they relate to a previous back injury and a deliberate indifference claim for stress-related skin rashes. However, Plaintiff's allegations do not bear any relationship to the named Defendants. Thus, these claims fail to contain sufficient factual matter to "state a claim to relief that is plausible on its face"and should be dismissed. *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009).

## V.  CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1)  Plaintiff's Complaint be DISMISSED without prejudice[3] for failure to state a claim upon which § 1983 relief may be granted, and;

2)  Dismissal of this action constitutes a "strike" for purposes of 28 U.S.C. § 1915(g)[4]; and

3)  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

---

[3] The recommendation for dismissal is without prejudice so that plaintiff can re-file his complaint should he succeed in challenging the legality of his continued confinement through appropriate state or federal remedies. *See Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir.1995).

[4] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." Dismissals pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) are "strikes" for the purpose of § 1915(g), even though they are dismissals without prejudice. *Armentrout v. Tyra*, 175 F.3d 1023 (8th Cir. Feb. 9, 1999)(unpub. table op.) (citing *Rivera v. Allin*, 144 F.3d 719, 730-31 (11th Cir. 1998); *Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462-64 (5th Cir. 1998)).

appeal from this Order and the accompanying Judgment would not be taken in good faith.

DATED this 5th day of February, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE